# JURY INSTRUCTIONS

## INSTRUCTIONS ON THE TRIAL PROCESS

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTIONS ON CLAIMS

## Civil Rights – Hostile Work Environment – Harassment Because of Protected Characteristics – Elements

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

(2) the conduct was unwelcome;

(3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

(4) the plaintiff perceived the working environment to be abusive or hostile; and

(5) a reasonable man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

## Definition of "Pervasive"

The term "pervasive" for the purposes of the Plaintiff's hostile work environment claim means:

More than isolated incidents. Must be prevalent and extensive to the point of altering the conditions of employment.

## Civil Rights – Hostile Work Environment Cause by Non-Immediate Supervisor or by Co-Worker – Claim Based on Negligence

The plaintiff seeks damages from the defendant for a hostile work environment caused by racial harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

(1) the plaintiff was subjected to a racially hostile work environment by a co-worker; and

(2) a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty. You are instructed that Timothy Branaugh is and was not a "member of management" under this definition.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## Civil Rights – Retaliation – Elements and Burden of Proof

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) the plaintiff complained about discrimination or harassment on the basis of his race, color, or national origin; and

(2) the plaintiff was discharged because of his complaint about harassment or discrimination on the basis of his race, color, or national origin.

A plaintiff is discharged because of his complaints if the discharge would not have occurred but for his complaint.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If the plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's complaints about harassment or discrimination had played no role in the employment decision, your verdict should be for the defendant.

# INSTRUCTIONS ON DAMAGES

## Damages - Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

(1) The mental and emotional pain and suffering experienced by the plaintiff;

(2) The reasonable value of income and benefits lost by the plaintiff up to the present time;

(3) The reasonable value of income and benefits that with reasonable probability will be lost by the plaintiff in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Damages Arising in the Future – Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

### Permanent Injury – Life Expectancy – Mortality Tables

If you find that the plaintiff is entitled to recover for permanent injury, you must determine the plaintiff's probable life expectancy, taking into consideration all evidence bearing on that issue, such as the plaintiff's occupation, sex, health, habits, and activities. Life expectancy shown by the mortality tables is an estimate of the probable average remaining life of all persons in our country of a given age. According to the standard mortality tables, the life expectancy of a man aged 62 years is an additional 20 years. This is a fact you may consider in arriving at the amount of damages.

## INSTRUCTIONS CONCERNING DELIBERATIONS

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.